LEWIS OWENS *v.* J. T. JOHNSON *et al.*

1. MORTGAGE. *Substitution.* A loaned B a sum of money, which B used in paying off a debt due to C, which was a balance for purchase money due on a lot of ground, the payment of which was secured by mortgage on the land. A, after B's death, filed a bill against her heirs and administrator, alleging that there was an agreement between him and B to the effect that he should be substituted to C, the mortgagee's lien, and seeking to have the mortgage foreclosed for his benefit: *Held,* that if the facts were as alleged, though this was denied, it was not entitled to be substituted to the lien of the mortgagee, there being no priority, either, as creditor or security, between them.

2. MARRIED WOMAN. *Contract.* A married woman cannot bind herself personally, or her property by contract.

No record found.

NICHOLSON, C. J., delivered the opinion of the court.

Complainant alleges that on the 3d of April, 1868, he loaned or advanced to M. J. Johnson, now deceased, $550, which was paid by her to W. S. Dugger, in satisfaction of a balance of purchase money on lot No. 30 in Chattanooga, and which was also received by mortgage on said lot to said Dugger. Complainant further alleges that at the time he made the advance it was expressly agreed that he should be substituted to the right of Dugger, the mortgagor, and have a lien on the lot for the same.

M. J. Johnson being dead, the bill is filed against her administrator and heir, and by an amended bill it is alleged that the personal estate of M. J.

Johnson has been exhausted in the administration of the estate.

Complainant prays to have the lot No. 30 sold to satisfy the heir for his claim of $550.

The administrator of M. J. Johnson and her heirs answer, and admit that the personal assets of her estate have been exhausted, but deny that M. J. Johnson was indebted to complainant for money borrowed; they deny that any agreement was made by which complainant was to be substituted to the lien of Dugger,, and they deny complainant's right to have the lot sold upon any of the grounds alleged in his bill.

The declarations of M. J. Johnson, who was a married woman at the time the $550 was borrowed, were relied on to prove the loan, and the payment of the money to Dugger. This evidence was excepted to on the ground that she was a married woman, and, therefore, not bound by her contract of borrowing, and that her declarations were incompetent to prove such contract. The chancellor sustained the exception, and the allegations of the bill being fully met and denied by the answer, and not overcome by complainant's proof, the bill was dismissed.

There is no proof whatever to sustain the allegation that it was agreed between the parties, when the money was loaned, that it should be a lien on the lot by way of substitution to Dugger's lien. If the money was loaned to Mrs. M. J. Johnson, which is not satisfactorily proven outside of her declarations, which were properly excluded, it could create nothing more

than a simple debt to complainant for money borrowed, and the fact that the money was used in satisfying Dugger's lien would raise no trust relation between complainant and Mrs. Johnson out of which a lien could arise. Complainant was a creditor, and not a surety to Dugger, and the doctrine of substitution could have no application to a loan of money by him to Mrs. Johnson, although she might pay the money over to Dugger in satisfaction of his lien. But when Mrs. Johnson borrowed the money of complainant, she was a married woman, and for that reason her contract was invalid, and created no liability upon her, either personally or upon her property.

Without referring to other grounds of defense relied on in argument, we have stated sufficient reasons to show that the decree of the chancellor in dismissing the bill was not erroneous, and must be affirmed with costs.